Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

Attorneys for Mark Hughes

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Hughes,<br><br>       Plaintiff,<br>v.<br><br>BestnPet, Inc., and Pupco Brands, Inc.,<br><br>       Defendants. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Mark Hughes ("Plaintiff") for his Complaint against the above-named Defendants, hereby brings this action for unpaid wages under Arizona Revised Statute Title 23 (the "Arizona Wage Act"), breach of contract, unpaid minimum wage, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 216(b) ("FLSA") and alleges as follows:

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs and interest under the FLSA and the Arizona Wage Act.

2.  At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

3.  Defendant Pupco Brands, Inc. ("Pupco") is a Texas corporation. At all times relevant hereto, Pupco does business, has offices and/or maintains against for the transaction of its customary business in Maricopa County, Arizona.

4.  Defendant BestnPet, Inc. ("BestnPet") is a Texas corporation. At all times relevant hereto, BestnPet does business, has offices and/or maintains against for the transaction of its customary business in Maricopa County, Arizona.

5. At all relevant times, Plaintiff was an employee of Defendants Pupco and BestnPet and Defendants Pupco and BestnPet were employers, as that term is defined under the FLSA. At all relevant times, Defendants, had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Defendants were employers subject to the FLSA and the Arizona Wage Act, and employed Plaintiff as an employee.

6. This Court has original jurisdiction under 28 U.S.C. § 1331 as this case is a civil action that arises under 29 U.S.C. § 216(b) for violations of Mr. Hughes's right to minimum wage. This Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Mr. Hughes's state law claims as they arise from the same case or controversy as the claim giving this Court original jurisdiction.

7. At all relevant times, Defendants have been and continue to be employers within the meaning of A.R.S. § 23-350(3).

8. At all relevant times, all Defendants have been and continue to be employers within the meaning of the FLSA.

9. At all relevant times, Plaintiff was an employee of Defendant within the meaning of A.R.S. § 23-350(2).

10. At all relevant times, Plaintiff was an employee of all Defendants within the meaning of the FLSA.

11. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.00.

13. Defendants employed Plaintiff from approximately April, 2018 until June, 2020.

14. Defendants paid Plaintiff inconsistently for his entire tenure with the

Company.

15. Pursuant to his Offer Letter, Plaintiff was to be paid $7,500.00 per month.

16. Initially, Plaintiff agreed to defer $1,500.00 of his monthly wages for the first six months of his employment.

17. However, Defendants did not pay Plaintiff in full. By way of example, Defendants paid Plaintiff $28,000.00 for 2018, when it should have paid Plaintiff $67,500.

18. In 2019, Defendants paid Plaintiff only $17,000.00, when it should have paid Plaintiff $90,000.00.

19. Defendants' payments in 2019 were irregular, were not made on regularly scheduled paydays, and the amounts paid fluctuated at the whim of Defendants.

20. Plaintiff is owed $112,500.00 in unpaid wages.

21. Plaintiff has repeatedly attempted to obtain payment from Defendants in a good faith attempt to recover the wages Defendants owed his.

22. As a result of Defendants' failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over his regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of 29 U.S.C. § 206(a).

23. As a result of Defendants' failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over his regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of A.R.S. § 23-363.

24. As a result of Defendants' failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, in violation of A.R.S. Title 23, Chapter 2.

25. As a proximate result of the Defendants' actions as alleged herein, Plaintiff was humiliated, hurt and injured in his health, strength and activity and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and

humiliation, embarrassment, hurt feelings, anger, fear, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to his damage in an amount to be shown according to proof.

26. As a further proximate result of Defendants' acts, Plaintiff has suffered special damages for medical services and treatment, and has suffered a significant loss of income and employment benefits in an amount to be shown according to proof.

27. As a further proximate result of the acts and omissions alleged herein, Plaintiff has sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits.

## COUNT I - FAILURE TO PAY MINIMUM WAGE
### (Violations of 29 U.S.C. §206(a)) (As against all Defendants)

28. The above allegations are incorporated herein.

29. Defendants knowingly and in bad faith failed to pay wages due to Plaintiff such that the average of his rate of pay, when averaged across his regular workweeks, was less than the applicable minimum wage, in violation of 29 U.S.C. §206(a). Pursuant to 29 U.S.C. §216(b), Plaintiff is therefore entitled to recover in this civil action his unpaid wages and an additional amount equal to the unpaid wages.

30. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover interest and reasonable attorneys' fees and costs.

## COUNT II – FAILURE TO PAY MINIMUM WAGE
### (A.R.S. § 23-363)(against all Defendants)

31. The above allegations are incorporated herein.

32. Defendants knowingly and in bad faith failed to pay minimum wages due to Plaintiff, such that the average of his hourly rate of pay, when averaged across his regular workweeks, was less than the applicable minimum wage, in violation of A.R.S. § 23-363.

33. Pursuant to A.R.S. § 23-364, Plaintiff if therefore entitled to recover in this

civil action his unpaid wages and an additional amount equal to twice the amount of the unpaid wages. Additionally, pursuant to A.R.S. § 23-364, Plaintiff is entitled to reasonable attorneys' fees and costs.

## COUNT III – FAILURE TO PAY WAGES

**(Violation of A.R.S. § 23-355) (Against all Defendants)**

34. The above allegations are incorporated herein.

35. Defendants knowingly and in bad faith failed to pay salary due to Plaintiff in the approximate amount of $112,500.00.

36. Pursuant to A.R.S. § 23-355, Plaintiff if therefore entitled to recover in this civil action an amount that is treble the amount of the unpaid wages, approximately $337,500.00.

## COUNT IV – UNJUST ENRICHMENT

**(Against All Defendants)**

37. The above allegations are incorporated herein.

38. Defendants received the benefit of the contractual services provided by Plaintiff.

39. Plaintiff has been impoverished by Defendants' receipt of the benefit conferred upon them.

40. As a result of Defendants' receipt of benefit and Plaintiff's impoverishment, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against All Defendants)**

41. The above allegations are incorporated herein.

42. Implied in every contract is a covenant of good faith and fair dealing.

43. Defendants are in breach of the covenant of good faith and fair dealing because they failed to pay Plaintiff for his services.

44. Plaintiff requests an award of attorneys' fees and costs against Defendants and each of them.

45. Plaintiff is further entitled to prejudgment interest at the legal rate per annum and damages according to proof.

## COUNT VI – BREACH OF CONTRACT
### (Against All Defendants)

46. The above allegations are incorporated herein.

47. The Parties' course of performance as well as the Offer Letter evidence a valid and enforceable contract.

48. Defendants' failure and refusal to perform under the terms of the Parties' contract constitutes a material breach of the contract.

49. As a result of Defendants' breach of the Parties' contract, Plaintiff has incurred damages in an amount to be determined at trial. Plaintiff is also entitled to statutory interest and attorney fees and costs under A.R.S. §§ 12-341 and 12-341.01(A).

## GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. Against all Defendants on Counts I and II for all of Plaintiff's unpaid minimum wage, an equal amount of Plaintiff's unpaid minimum wages in liquidated damages owed to which all Defendants failed to pay to Plaintiff in violation of the FLSA, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to 29 U.S.C. § 216(b);

B. Against all Defendants on Count IIII for an amount that is treble the amount of wages owed to Plaintiff which Defendants failed to pay Plaintiff in violation of the Arizona Wage Act, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for

such other and further relief as this Court deems just and proper;

C. Against all Defendants on Counts IV, V and VI for breach of contract, unjust enrichment and breach of the covenant of good faith and fair dealing, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

RESPECTFULLY SUBMITTED this 28th day of Augus, 2020.

STEPHANIE R. LEACH, PLLC.

By *[signature]*
Stephanie R. Leach
2415 E. Camelback Rd., Suite 700
Phoenix, AZ  85016